[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13646

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TAJ ULLAH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20033-RNS-1

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Taj Ullah appeals his 151-months sentence imposed after he pleaded guilty to attempted bank robbery, a violation of 18 U.S.C. § 2113(a). Because no reversible error has been shown, we affirm.

## I.    BACKGROUND

Before Ullah's sentencing, the probation office prepared a presentence investigation report ("PSI"). As relevant to this appeal, the PSI determined that Ullah was a career offender under U.S.S.G. § 4B1.1(a), increasing his total offense level by ten. Based on a total offense level of 29, the PSI calculated Ullah's guideline range to be 151 to 188 months' imprisonment. Without the career offender enhancement, Ullah's Sentencing Guidelines range was 63 to 78 months. Ullah objected to the enhancement in briefing and at the sentencing hearing. The district court overruled his objection and applied the enhancement.

The government recommended a sentence of 188 months' imprisonment, noting that it was "a sentence at the high end of the guideline range" and that any sentence less than that "would be insufficient to achieve the goals of sentencing". The defense argued for a sentence of 63 months' imprisonment, noting Ullah's advanced age, addiction, and capacity to work. After considering the sentencing factors set forth in 18 U.S.C. § 2553(a), the district court sentenced Ullah to 151 months' imprisonment, also finding

"that [the court] would have imposed the same sentence even if [the court] had found that the defendant did not legally qualify as a career offender." This appeal followed.

## II.    STANDARD OF REVIEW

"We review the district court's interpretation of the Sentencing Guidelines *de novo* and accept its factual findings unless clearly erroneous." *United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009). An error in the district court's calculation of a defendant's guidelines range is reversible absent harmless error. *United States v. Scott*, 441 F.3d 1322, 1329–30 (11th Cir. 2006). An error in calculating the guidelines range is harmless if the district court stated on the record that it would impose the same sentence regardless of the disputed enhancement and, assuming the enhancement did not apply, the final sentence was reasonable under the 18 U.S.C. § 3553(a) factors. *See United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). ). Hence, we "need not review an issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable." *United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020) (citing *Keene*, 470 F.3d at 1349). In those circumstances, any error in the guideline calculation is harmless. *See id.*

## III.    ANALYSIS

On appeal, Ullah contends that the district court incorrectly applied the career offender enhancement under U.S.S.G. § 4B1.1

and thus erred in calculating his advisory guidelines range. Ullah argues that attempted bank robbery fails to satisfy either the "elements" or the "enumerated felonies" clause of the sentencing guidelines' "crime of violence" definition for the purposes of the career offender enhancement.

Here, the district court stated that it would have imposed the same sentence regardless of the disputed guidelines calculation. Therefore, under *Keene*, we must evaluate the substantive reasonableness of the sentence, inside or outside the guidelines range, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing stated in § 3553(a). *See id.* The purposes of sentencing include promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public from further crimes. 18 U.S.C. § 3553(a). A sentencing court should also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disputes. *Id.* § 3553(a)(1), (3)–(7). Under 18 U.S.C. § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to

protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2).

When a sentence is above a guidelines range, we "may consider the deviation, 'but give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting *Gall*, 552 U.S. at 51).  "We may vacate a sentence because of the variance only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Given the totality of the circumstances and the § 3553(a) factors, we conclude that Ullah's sentence of 151 months is reasonable.  At the sentencing hearing, the district court discussed Ullah's criminal history, including felonies such as multiple bank robberies, that led to five separate prison sentences.  The district court judge remarked that, "I don't ever remember in 26 years as a judge and 41 years as a lawyer [a criminal record like Ullah's]," and that, given his previous term of imprisonment of 15 years for another bank robbery, "everything should scream that . . . if 15 years for bank robberies didn't work, maybe we need to give an even harsher sentence."  The district court also weighed Ullah's "ability, at least for a short period of time, to comply with the law and . . .

be an active and contributing member of the community" and the fact that he accepted responsibility for his crime "both at the time of [his] arrest and as part of this case".

Considering Ullah's criminal history and the circumstances of this offense, the district court reasonably determined that a sentence of 151 months was necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to provide adequate deterrence, and to protect the public. We have affirmed as reasonable significant upward variances in cases that involve a lengthy criminal record like this case. *See, e.g.,* *Shaw*, 560 F.3d at 1239–41; *United States v. Lozano*, 490 F.3d 1317, 1324–25 (11th Cir. 2007)  Thus, we conclude that any error in the application of the career offender provisions and the calculation of the guidelines range was harmless.

## IV.    CONCLUSION

For the reasons stated, we affirm Ullah's sentence.

**AFFIRMED.**